**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**JACQUELINE RUIZ JUSINO,**

    Plaintiff,

    v.

**SEARS ROEBUCK OF PUERTO RICO, INC., et al.,**

    Defendants.

Civil No. 13-1138 (GAG)

## OPINION AND ORDER

Jacqueline Ruiz Jusino ("Plaintiff") brought this action against Sears Roebuck of Puerto Rico, Inc. ("Sears"), Carlos Martínez ("Martínez"), and Edwin García ("García") (collectively "Defendants") alleging age discrimination, hostile work environment, and retaliation pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, *et seq.* ("ADEA"). Plaintiff also brings state law claims alleging violations of Puerto Rico Law No. 100 of June 30, 1959 ("Law 100"), P.R. LAWS ANN. tit. 29, §§ 146, *et seq.* and Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. LAWS ANN. tit. 31, §§ 5141-42 ("Articles 1802 and 1803"). (See Docket No. 1.)

Presently before the court are two motions to dismiss, one filed by all Defendants (Docket No. 8) and one filed separately by Martínez and García (Docket No. 9). Plaintiff opposed both motions separately (Docket Nos. 13, 14) and Defendants replied (Docket No. 15-1). Having reviewed these submissions and the pertinent law, the court **GRANTS in part and DENIES in part** both motions to dismiss.

**I.     Standard of Review**

"The general rules of pleading require a short and plain statement of the claim showing that the pleader is entitled to relief." Gargano v. Liberty Intern. Underwriters, Inc., 572 F.3d 45, 48 (1st

**Civil No. 13-1138 (GAG)**

Cir. 2009) (citations omitted) (internal quotation marks omitted). "This short and plain statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Under Rule 12(b)(6), a defendant may move to dismiss an action against him for failure to state a claim upon which relief can be granted. See FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. The court must decide whether the complaint alleges enough facts to "raise a right to relief above the speculative level." Id. at 555. In so doing, the court accepts as true all well-pleaded facts and draws all reasonable inferences in the plaintiff's favor. Parker v. Hurley, 514 F.3d 87, 90 (1st Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]' -'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

A plaintiff need not allege sufficient facts to meet the evidentiary *prima facie* standard. See generally Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49 (D.P.R. 2013). *Prima facie* elements "are part of the background against which a plausibility determination should be made." Id. at 54 (external citations omitted). "[T]he elements of a *prima facie* case may be used as a prism to shed light upon the plausibility of the claim." Id. (emphasis added).

**II.    Factual Background**

Plaintiff started working as a sales associate with Sears in 1985. (Docket No. 1 at ¶ 15.) Over the course of her twenty-six year career with Sears, she held various positions and rose through the ranks from part-time sales associate to Multi-Store Loss Prevention Manager. (Id. ¶ 16.) She also received numerous awards in recognition of her exceptional performance. (Id. ¶ 20.) Martínez

2

**Civil No. 13-1138 (GAG)**

held the position of District Loss Prevention Manager and was Plaintiff's immediate superior. (Id. ¶ 11.)  In 2010, Martínez began hiring personnel for various Loss Prevention Manager positions. (Id. ¶ 22.)  Plaintiff alleges that the personnel Martinez hired were "disrespectful, immature and lacked the necessary seriousness that the position of manager for loss prevention required." (Id. ¶ 23.)  Plaintiff informed Martínez and District Loss Prevention Manager García of her colleagues' conduct. (Docket No. 1 at ¶ 24.)

Subsequently, Martínez broke off all verbal communication with Plaintiff, sent her menacing emails and "permitted other employees to send Plaintiff emails with offensive content." (Id. ¶ 26.) Plaintiff complained to García of Martínez' conduct but García did not take any action to remedy the situation. (Id. ¶ 27.) Plaintiff also attempted to meet with Veroushka Concepción, Sears' District Manager, but she refused to meet with Plaintiff. (Id. ¶ 28.) Lastly, on January 14, 2012, while on vacation Plaintiff met with Linda Pantojas, the Human Resources Manager, to inform her of the situation in the office. (Id. ¶ 29.) On January 23, 2012, Plaintiff returned to work and was fired by García. (Id. ¶ 30.) On or around April 2012, Sears hired twenty-nine year old Lucille Arroyo ("Arroyo") to fill the position of Loss Prevention Manager. (Docket No. 1 at ¶ 34.) Upon learning that Arroyo had been hired, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on May 16, 2012, claiming age discrimination, hostile work environment, and retaliation. (Docket No. 8-1 at 2.)

**III.    Discussion**

**A.    Adequacy of the Pleadings**

       **1. ADEA**

Defendants first assert that Plaintiff's complaint does not meet the pleading standards required by Rule 8 of the Federal Rules of Civil Procedure. (See Docket No. 8 at 5.)  To obtain relief for age discrimination under the ADEA, a plaintiff must sufficiently allege: (1) she was at least forty years old at the time of the adverse employment action complained of; (2) her job

3

**Civil No. 13-1138 (GAG)**

performance met or exceeded the employer's legitimate expectations; (3) her employer actually or constructively discharged her; and (4) her employer had a continuing need for the services she had been performing. Torrech-Hernandez v. Gen. Elec. Co., 519 F.3d 41, 48 (1st Cir. 2008). In the instant case, Plaintiff was forty-four years old at the time of the adverse employment action and had worked for Sears for twenty-six years. She was replaced by an employee fifteen years her junior two months after being discharged. The fact that her position was filled merely three months after her termination demonstrates that Sears still maintained a need for someone to fill the position she left vacant. Gutierrez-Lines v. P.R. Elec. and Power Auth., 751 F. Supp. 2d 327, 338 (D.P.R. 2010) (stating fourth prong satisfied when employer subsequently fills the position). Given these facts, the court holds that the complaint plausibly entitles Plaintiff to relief. While Defendants set forth a non-discriminatory reason for their decision to discharge Plaintiff,[1] such argument is not applicable until summary judgment. See McDonnell Douglas Corp v. Green, 411 U.S. 792 (1973).

### 2. Retaliation

Plaintiff's retaliation claim is also sufficient to survive a Rule 12(b)(6) motion. In order to satisfy the requirements for a retaliation claim under the ADEA, Plaintiff must show that: (1) she engaged in ADEA-protected conduct; (2) she was thereafter subjected to an adverse employment action; and (3) a causal connection existed between the protected conduct and the adverse action. See Mesnick v. General Elec. Co., 950 F.2d 816, 827 (1st Cir. 1991) (citing Connell v. Bank of Boston, 924 F.2d 1169, 1179 (1st Cir. 1991)). Here, Plaintiff alleges that she met with a member of the Human Resources Department at Sears to discuss the harassment and discrimination on January 14, 2012 and was fired nine days later. (See Docket No. 1 ¶¶ 29, 30.) Defendants argue that Plaintiff has failed to affirmatively show a causal link between the two actions. (See Docket

---

[1] In their sur-reply Defendants claim that Plaintiff was discharged along with five other employees who were all under thirty years of age at the time of the discharge. (See Docket No. 15-1 at 4.)

4

**Civil No. 13-1138 (GAG)**

No. 8 at 13.) However, the court finds a causal link exists based on the short period of time between the two events. See Fennell v. First Step Designs, Ltd., 83 F.3d 526, 535 (1st Cir. 1996) (holding that a causal link existed when employee was terminated one month after filing a complaint); see also Oliver v. Digital Equip. Corp., 846 F.2d 103, 110 (1st Cir. 1988). Having alleged facts to plausibly raise the right to relief, the court denies Defendants' motion.

### 3. Hostile Work Environment

Lastly, looking at the facts in the light most favorable to Plaintiff, the court also finds Plaintiff's hostile work environment claim satisfies Rule 8 of the Federal Rules of Civil Procedure. To successfully claim a hostile work environment, a plaintiff must allege that: (1) she is a member of a protected class; (2) she was subjected to unwelcome harassment; (3) the harassment was age-based; (4) the harassment was sufficiently pervasive or severe so as to alter the conditions of the plaintiff's employment and create an abusive work environment; (5) the objectionable behavior was both subjectively and objectively offensive such that a reasonable person would find it hostile or abusive; (6) that the plaintiff found it hostile or abusive; and (7) some basis for employer liability has been established. Gutierrez-Lines, 751 F. Supp. 2d at 341 (citing Marquez v. Drugs Unlimited, Inc., 2010 WL 1133808 (D.P.R Mar. 22, 2010) on reconsideration in part, 2010 WL 2266899 (D.P.R. June 3, 2010)); see also O'Rourke v. City of Providence, 235 F.3d 713, 728 (1st Cir. 2001). Here, Plaintiff's complaint alleges she began receiving menacing emails and emails with offensive content after the new employees were hired. She alleges this conduct changed the dynamic in the office so much that she felt it necessary to complain to both her immediate supervisors and the human resources manager. (Docket No.1 ¶ 26.) Based on these allegations, a hostile work environment could plausibly exist.

**B.     Failure to Exhaust Administrative Remedies**

Defendants also argue that, even if the court were to find the complaint sufficiently well-pled, Plaintiff's claims should be dismissed for failure to exhaust administrative remedies. (See

5

**Civil No. 13-1138 (GAG)**

Docket No. 1 at 6.)  To bring suit in a district court for retaliation or discrimination under the ADEA, Plaintiff is required to file an administrative charge with the EEOC. See 42 U.S.C. § 626(d); Jorge v. Rumsfeld, 404 F.3d 556, 565 (1st Cir. 2005). Whether Plaintiff timely filed a complaint with the EEOC before bringing suit in federal court is not in dispute. Instead, Defendants allege that the age discrimination, hostile work environment, and retaliation claims were outside the scope of the administrative investigation. However, all that is required is that "the judicial complaint . . . bear some close relation to the allegations presented to the agency." Morales-Cruz v. Univ. of P.R., 676 F.3d 220 (1st Cir. 2012) (quoting Rumsfeld, 404 F.3d 556); see also Vijay N. Borase v. M/A-Com, Inc., 906 F. Supp. 65, 67 (D. Mass. 1995).

The EEOC charge on its face sufficiently alleges facts that would put the hostile work environment and the retaliation within the scope of the agency's investigation, considering both are mentioned in the letter that Plaintiff attached to the charge itself.  (See Docket No. 8-1 at 2.) Further, while Plaintiff may not have explicitly linked her discrimination to age, the fact that she checked the age discrimination box in the EEOC charge form is enough to infer that she claims that age is the basis of her complaint filed with the EEOC.  (Id. at 1); see generally Vijay, 906 F. Supp. 65. The charges reasonably fall within the scope of the EEOC's investigation.  Plaintiff, then, adequately exhausted administrative remedies.

**C.    Plaintiff's State Law Claims**

Plaintiff also seeks remuneration under Puerto Rico state law. Specifically, Plaintiff filed claims under Law 100 and Articles 1802 and 1803. Defendants argue the claims under Law 100 should be dismissed for failure to state a claim and that claims under Articles 1802 and 1803 should be dismissed because they are either barred by the statute of limitations or inapplicable since there is a more controlling statute.

The facts as alleged sufficiently state a claim for relief under Law 100 as to Sears. Whether or not it applies to individual defendants is less clear. The Supreme Court of Puerto Rico has held

6

**Civil No. 13-1138 (GAG)**

that there can be individual liability under Law 100 and has interpreted the definition of the word "employer" to allow such an interpretation. See Otero-Merced v. Preferred Health Inc., 680 F. Supp. 2d 388, 392 (D.P.R. 2010) (citing Rosario Toledo Distribuidora Kikuet Inc., 151 D.P.R. 634 (2000)); see also Bonilla-Perez v. Citibank NA, Inc., 892 F. Supp. 2d 361, 367 (D.P.R. 2012). As such, the court holds that García and Martínez could be found liable under Puerto Rico law and will therefore not dismiss the individual claims under Law 100. However, because Law 100 is the most applicable statute for the facts of this case, it follows that Plaintiff's claims under the general torts statutes, Articles 1802 and 1803, must be dismissed. This court has previously held that Articles 1802 and 1803 are superceded by Law 100. See Reyes-Ortiz v. McConnell Valdes, 714 F. Supp. 2d 234 (D.P.R. 2010)). Therefore, the court dismisses the claims under Articles 1802 and 1803.

**D.     Plaintiff's Claims Against García and Martínez**

In their separate motion to dismiss, García and Martínez argue that there is no individual liability under ADEA. (Docket No. 9 at 3.) In her opposition to the motion to dismiss, Plaintiff states that she did not file any federal claims against them. (Docket No. 14 at 1.) Therefore, the court will not analyze individual liability under the ADEA and instead concludes that only state law claims against García and Martínez remain.

García and Martínez also argue that since there are no federal claims against them, the court should not exercise its supplemental jurisdiction over the state law claims against them. However, Plaintiff's state law claims against García and Martínez arise out of the same facts as the state and federal law claims against Sears. Therefore, supplemental jurisdiction is appropriate. See Johnston v. Urban League of R.I., Inc., No. C.A. 09-167 S, 2009 WL 3834129 (D.R.I. Nov. 13, 2009) (court exercised supplemental jurisdiction where state law claims against individual defendant arose out of same facts as state and federal claims against plaintiff's former employer). As such, this court will exercise its supplemental jurisdiction over García and Martínez' state law claims.

**IV.     Conclusion**

7

**Civil No. 13-1138 (GAG)**

For the reasons set forth above, the court **GRANTS** the motion to dismiss at Docket No. 8 as to all state law claims under Articles 1802 and 1803 and **DENIES** the motion as to the discrimination, retaliation, and hostile work environment claims against Sears and the state law claims arising under Law 100 against Defendants. The court **GRANTS** Martínez and García's motion to dismiss at Docket No. 9 as to all federal claims as well as the state law claims under Articles 1802 and 1803 and **DENIES** the motion as to the state law claims under Law 100.

Remaining before the court are Plaintiff's discrimination, retaliation, and hostile work environment claims against Sears and the state law claims arising under Law 100 against Sears, García, and Martínez.

**SO ORDERED**

In San Juan, Puerto Rico this 23rd day of July, 2013.

*S/Gustavo A. Gelpí*
GUSTAVO A. GELPÍ
United States District Judge