# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**JACQUELINE RUIZ JUSINO,**

**Plaintiff,**

**v.**                         **Civil No. 13-1138 (GAG)**

**SEAR ROEBUCK OF PUERTO RICO, INC., et al.,**

**Defendants.**

## OPINION AND ORDER

Presently before the court is Sears Roebuck of Puerto Rico, Inc. ("Sears"), Carlos Martínez Rivera ("Martínez"), and Edwin García Rodríguez' ("García") (collectively "Defendants") motion to alter or amend an issued opinion and order under Rule 59(e) of the Federal Rules of Civil Procedure. In Defendants' memorandum in support of their motion, Defendants reiterate arguments previously considered and rejected by the court. (See Docket No. 17.) For the following reasons, the court **DENIES** Defendants' motion to amend judgment.

**I.  Standard of Review**

A motion for reconsideration is generally considered under FED. R. CIV. P. 59 or 60, depending on the time such motion is served. Perez-Perez v. Popular Leasing Rental, Inc., 993 F.2d 281, 284 (1st Cir. 1993). Whether under Rule 59 or Rule 60, a motion for reconsideration cannot be used as a vehicle to relitigate matters already litigated and decided by the court. Villanueva-Mendez v. Vazquez, 360 F. Supp. 2d 320, 322 (D.P.R. 2005). Courts entertain these motions if they seek to correct manifest errors of law or fact, present newly discovered evidence, or when there is an intervening change in law. See Rivera Surillo & Co. v. Falconer Glass Indus. Inc., 37 F.3d 25, 29 (1st Cir. 1994) (citing FDIC Ins. Co. v. World Univ., Inc., 978 F.2d 10, 16 (1st Cir. 1992)); Cherena v. Coors Brewing Co., 20 F. Supp. 2d 282, 286 (D.P.R. 1998). Hence, this vehicle may not be used by the losing party "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier." Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990).

**Civil No. 13-1138 (GAG)**

**II.     Discussion**

Approximately half of the discussion section in Defendants' motion to amend is copied and pasted from their original motion to dismiss. (See Docket Nos. 8, 21.)  Furthermore, with the exception of two cases, the authority cited is simply repeated from their motion to dismiss. (Id.) The court addresses the two cases below.

Defendants cite Velázquez-Rivera v. J. Danzing, 81 F. Supp. 2d 316, 327 (D.P.R. 2000) *aff'd*, 234 F.3d 790 (1st Cir. 2000) and Martínez v. Eagle Global Logistics, CIV. No. 09–02265 (PG), 2011 WL 3843918, at *10 (D.P.R. Aug. 26, 2011) in support of their conclusion that the "**mere fact that a plaintiff checked the box of a protected class under the applicable anti-discrimination statutes, in the form provided by the ADU or the EEOC, 'is not enough' to exhaust administrative remedies because [it] 'does not fulfill' the administrative purposes that a charge is designed to serve.**" (Docket No. 21 at 4.) (emphasis in original). However, Defendants fail to recognize that in both cases the parties checked multiple boxes when filing their respective claims.  Therefore, confusion existed as to which protected class each of the alleged discriminatory acts pertained.  See Velázquez-Rivera, 81 F. Supp. 2d at 327; Martínez, 2011 WL 3843918, at *10. In the instant case, Jacqueline Ruiz Jusino ("Plaintiff") only checked the age discrimination box, leaving no room for confusion as to which protected class she linked the discriminatory acts against her.  (See Docket No. 8-1 at 1.)  Given the factual differences between this case and those cited by Defendants, the court does not find Defendants' argument sufficiently persuasive to alter its previous opinion.

Secondly, Defendants argue that Plaintiff did not exhaust her administrative remedies as to the hostile work environment and retaliation charges because she did not allege them in her complaint. The court disagrees. In the letter attached to the EEOC charge Plaintiff alleges that her coworkers sent her emails with offensive content.  She also alleges that she met with a representative from human resources on January 14, 2012 and was fired eight days later on the January 23, 2012. These alleged facts demonstrate that the hostile work environment and retaliation

**Civil No. 13-1138 (GAG)**

claims are like or reasonably related to the EEOC charge; therefore, Plaintiff exhausted her administrative remedies.

Defendants also fail to recognize the authority to which this court cited in Vijay N. Borase v. M/A-Com., Inc., 906 F. Supp. 65, 67-68 (D. Mass. 1995). The Vijay court stated, "[T]he first question . . . is whether or not a retaliation claim might 'reasonably be expected to have been within the scope of the EEOC's investigation.' . . . 'What controls is not what the EEOC did but what it was given the opportunity to do.'" 906 F. Supp. at 67-68 (internal citations omitted). Given the information presented in Plaintiff's EEOC claim, the EEOC had ample opportunity to investigate the alleged hostile work environment and retaliation.

### III. Conclusion

Pursuant to the opinion and analysis above, the court **DENIES** Defendants' motion to alter or amend judgment. (Docket No.21.)

**SO ORDERED.**

In San Juan, Puerto Rico this 6th day of August, 2013

*S/Gustavo A. Gelpí*

GUSTAVO A. GELPÍ

United States District Judge

3